UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAZE CLAN INC.,

           Plaintiff,

vs.

TURNER TENNEY p/k/a "TFUE"

           Defendant.

Case No. 19-cv-07200 (JSR)

**DECLARATION OF DONALD V. SMILEY
IN SUPPORT OF FAZE CLAN INC.'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR STAY THE ACTION**

I, Donald V. Smiley, pursuant to 28 U.S.C. §1746, hereby state that I have personal knowledge of the facts set forth herein:

1. I am an attorney at the law office of Donald V. Smiley, APC, 6080 Center D. #600, Los Angeles, California 90045. I submit this declaration in support of Plaintiff FaZe Clan, Inc.'s ("FaZe Clan") Opposition to Defendant Turner Tenney's Motion to Dismiss or Stay ("Motion").

2. I am licensed to practice law in the State of California, and frequently appear in matters before the California Labor Commissioner ("CLC"). I would estimate that I have appeared in at least 6 matters before the CLC, all matters concerning California's Talent Agency Act ("TAA"). I was lead counsel in one of the most significant court cases regarding the interpretation and enforcement of the TAA. I am representing FaZe Clan in the proceeding in front of the CLC, Case No. TAC 52704, which defendant Tenney refers to in his Motion papers as the "Labor Commissioner Proceeding."

3. I have reviewed the papers submitted by Tenney in support of the Motion, and find them to be misleading about the status and likely schedule of the Labor Commissioner Proceeding. Accordingly, I am submitting this declaration to clarify the record concerning the Labor Commissioner Proceeding.

4. As an initial matter, the CLC has not made any conclusions as to whether the Labor Commissioner Proceeding is within that office's jurisdiction. Indeed, FaZe Clan intends to assert a number of substantial reasons why the CLC may not accept jurisdiction over this case, including that the relevant contract contains a mandatory New York choice of law provision, Tenney apparently was not a California resident, and the vast majority of the alleged performance of the relevant contract would have occurred outside of California. Tenney's argument in the Motion that FaZe Clan failed to answer and/or waived jurisdictional defenses in the CLC is entirely without merit and seems to be based on a misunderstanding of how CLC matters proceed. The California *Code of Civil Procedure*, Section 418.10(b) grants any defendant additional time after the entry of an order as to a request to stay or dismiss to plead. This would be sometime after the November 8th hearing. If and when the CLC holds a hearing, FaZe Clan would be entitled to present any defenses (including lack of jurisdiction). Thus, there is no authority to support the notion that FaZe Clan has waived anything in front of the CLC.

5. The Motion is also misleading as to the status of the case. Thus far, the CLC has declined to move forward with the case in view of the parties' pending litigations--which is common in my experience with CLC proceedings. While it is true that the CLC recently asked the parties for their availability for a hearing between November 18, 2019 and March 31, 2020, that is most likely because the CLC had not been updated regarding recent events in this litigation and the parties' California action. It is my expectation, and it would be consistent with my years

of practice before the CLC, that the CLC will modify its schedule once it is made aware of the outcome of this Motion and FaZe Clan's pending motion to dismiss the California action based on *forum non conveniens* (which is currently scheduled to be heard by a California state court on November 8, 2019). That is because, as I mentioned earlier, the CLC generally tries to avoid any potential conflict with pending litigations.

6. Finally, the Motion may perpetuate a misunderstanding about the limits of what can be accomplished in a CLC proceeding, assuming it has jurisdiction in this case. At most, the CLC will rule on the limited issue of whether there was a violation of the TAA. The CLC would not grant injunctions, award monetary relief other than potential disgorgement going back a single year of commissions earned, hear tort issues, or analyze breach of contract claims. It has been my experience that determinations by the CLC vary widely in time. They have been issued in my cases from as little as 6 months, to as long as four plus years. The CLC's ruling is then subject to *de novo* judicial review, in which case it would proceed along a typical timeline for a state court litigation (which could take many months, if not years, to be resolved). In this respect, any ruling the CLC would not end the parties' dispute regarding the applicability and alleged violation of the TAA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 15, 2019

_____
Donald V. Smiley

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case.  My business address is Suite 2500, 601 South Figueroa Street, Los Angeles, California 90017-5704.

A true and correct copy of the document, entitled <u>DECLARATION OF DONALD V. SMILEY IN SUPPORT OF FAZE CLAN INC.'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY THE ACTION</u>, was served in the manner stated below.

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document.  On October 17, 2019, I checked the CM/ECF docket for this case and determined that the following person/s is/are on the Electronic Mail Notice List to receive NEF transmission at the email address/es stated below.

| | |
|---|---|
| Joshua D. Liston<br>Beys Liston & Mobargha LLP<br>641 Lexington Avenue, 14th Floor<br>New York, NY 10022-4503 | Counsel for Defendant<br>T: 646 755 3600 / F: 646 755 3599<br>E: jliston@blmllp.com |

**2. SERVED BY UNITED STATES MAIL &/OR DIRECT EMAIL:** On <u>October 17, 2019</u>, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows, and/or to the email addresses indicated.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, NEXT BUSINESS DAY, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling Local Rules, on <u>October 17, 2019</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal or next business day delivery to the judge <u>will be completed</u> no later than 12:00 noon after the document is filed.

| | |
|---|---|
| Honorable Jed S. Rakoff<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street, Courtroom 14B<br>New York, NY 10007-1312 | ☒ By Messenger to the Judge's Dropbox w/ NEF behind by 5pm the next court day<br>☐ By Next Business Day [Trkg# _____]<br>☐ By Facsimile to _____<br>☐ Proposed Order by Email to dmg_chambers@cacd.uscourts.gov |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2019 | Frederick Kalve | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

---

**PROOF OF SERVICE – Case No. 1:19-cv-07200-JSR**

Amended from USBC Form F 9013-3.1
113461990\V-1