```
                                          USDC SDNY
                                          DOCUMENT
UNITED STATES DISTRICT COURT              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK             DOC #:
--------------------------------x         DATE FILED:
FAZE CLAN INC.,                   :
                                  :
     Plaintiff,                   :
                                  :       19-cv-7200(JSR)
     -v-                          :
                                  :       OPINION AND ORDER
TURNER TENNEY,                    :
                                  :
     Defendant.                   :
--------------------------------x
```

JED S. RAKOFF, U.S.D.J.

   The defendant has moved to dismiss or stay this action

under Colorado River Water Conservation Dist. v. United States,

424 U.S. 800 (1976), in favor of two parallel California

proceedings. For the following reasons, the motion is denied.

   The instant action is the third lawsuit arising from a

dispute between FaZe Clan and Turner Tenney. FaZe Clan, a

California-based "esports and entertainment organization,"

Compl. ¶ 15, argues that a contract exists between it and

Tenney, a professional video gamer and social media celebrity.

The complaint alleges that this contract — the "Gamer

Agreement," Compl., ECF No. 1, ¶ 2 — essentially provides that

FaZe Clan will promote and support Tenney's career in exchange

for a portion of his earnings, a noncompete provision, and some

intellectual property rights, Compl. ¶¶ 19-27. FaZe Clan asserts

eight causes of action against Tenney, most sounding in breach

of contract, for withholding revenue from FaZe Clan, disparaging

1

FaZe Clan, attempting to start an "esports" organization to rival FaZe Clan, and other actions. Compl. ¶¶ 37-78.

Tenney's position is that FaZe Clan has breached the Gamer Agreement and that part or all of the contract is void ab initio under various California state law grounds, including the California Talent Agency Act (TAA), Cal. Lab. Code §§ 1700 et seq. See Mem. of Law in Support of Def.'s Mot. to Dismiss or Stay the Action ("Mot."), ECF No. 18, at 2-4. In May 2010 — about ten weeks before FaZe Clan brought the instant action — Tenney initiated two proceedings in California to assert his claims against FaZe Clan. The first proceeding, before the California Labor Commissioner, asserts that the Gamer Agreement is void ab initio under the TAA on the ground that FaZe Clan is acting as an unlicensed talent agency. Mot. at 1-3. The second proceeding, in Los Angeles Superior Court, asserts the other state law claims. Id. at 2-4.

Tenney now moves to dismiss or stay the instant action in favor of the two California proceedings under the Colorado River abstention doctrine. Relevant to the Court's decision whether to abstain, however, is the fact that the Gamer Agreement also contains a mandatory and exclusive forum selection clause and choice of law clause in favor of New York, as well as consents by both parties to personal jurisdiction in the state and federal courts of New York:

2

> This Agreement shall be governed and construed in
> accordance with the laws of the State of New York without
> regard to its conflict of laws principles. The Parties
> submit exclusively to the state or federal courts located
> in New York, NY for any claim hereunder and each Party
> consents to the jurisdiction thereof.

Compl. ¶ 14. The Court's analysis of the Colorado River factors
that follows thus occurs in the context of what appears to be an
obvious attempt by defendant to avoid a binding and enforceable
forum selection clause.

The Colorado River abstention doctrine provides that "[i]n
'exceptional circumstances,' and in deference to parallel state
court proceedings, the court may decline to exercise
jurisdiction over a properly presented federal claim in order to
further the interests of '[w]ise judicial administration,
giving regard to conservation of judicial resources and
comprehensive disposition of litigation.'" Am. Disposal Servs.,
Inc. v. O'Brien, 839 F.2d 84, 87 (2d Cir. 1988) (quoting
Colorado River, 424 U.S. at 817) (second alteration in
original). In any Colorado River analysis, "the balance is
heavily weighted in favor of the exercise of jurisdiction" by
the federal court. Niagara Mohawk Power Corp. v. Hudson River-
Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012)
(quoting Woodford v. Cmty. Action Agency of Greene Cnty., Inc.,
239 F.3d 517, 522 (2d Cir. 2001)).

3

When evaluating a motion for Colorado River abstention, courts consider six factors: "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." Niagara, 673 F.3d at 100-01 (quoting Woodford, 239 F.3d at 522).

Here, the only factor that materially counsels in favor of abstention is the third: the desire to avoid piecemeal litigation. The denial of Tenney's motion forces the parties, at least initially, to litigate their dispute in three forums simultaneously, which raises some concerns about "conservation of judicial resources." Colorado River, 424 U.S. at 817. There is also a chance that, assuming a later decision on the merits that the California Labor Commissioner has exclusive jurisdiction over the TAA claim, as Tenney argues, see Mem. of Law in Further Support of Def.'s Mot. to Dismiss or Stay the Action, ECF No. 23, at 3 & 6-7, allowing this lawsuit to proceed could require the parties to obtain final judgments in two

4

different proceedings. This case does, therefore, pose at least a risk of piecemeal litigation.

While on at least one occasion the Supreme Court characterized the avoidance of piecemeal litigation as "paramount" in a Colorado River analysis, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983), here, nevertheless, the Court finds that these concerns do not rise to the level of an "exceptional" circumstance that would justify abstention. Colorado River, 424 U.S. at 813. Because the three proceedings all involve the same dispute between the same two parties, a decision in one proceeding would generally have preclusive effect in the other two, which significantly reduces any concern about piecemeal litigation. See Niagara, 673 F.3d at 101-02 ("[T]he primary context in which we have affirmed Colorado River abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel.") (quoting Woodford, 239 F.3d at 524). The only conceivable situation where the preclusive effect of one proceeding would not eliminate the risk of piecemeal litigation in this dispute is that mentioned above: where one proceeding holds that the California Labor Commissioner has exclusive jurisdiction over the TAA claim, while another finds that this Court has exclusive jurisdiction

5

over all other claims. But such an outcome, at this point, is purely speculative.

Tenney relies in his reply brief on Flowers v. From the Future, LLC, Case No. TAC 10-06, CA Dep't Lab., 2007 WL 9701601 (Jan. 19, 2007), in which the Labor Commissioner denied a motion to dismiss on the ground that a TAA claim was not waivable by a foreign forum selection and choice of law clause. But as FaZe Clan argued at the hearing on this motion, this was not a published decision, and its precedential effect as an interpretation of California law is uncertain. At the very least, there is a colorable controversy, not briefed in this proceeding, as to whether Tenney waived his TAA claim before the Labor Commissioner by entering into the Gamer Agreement, and this reduces the salience of the piecemeal litigation factor in the Court's Colorado River analysis.

In effect, Tenney seeks to create something like a categorical rule that Colorado River excuses litigants from foreign forum selection clauses whenever those parties can find a home-state contract defense that is conceivably nonwaivable. Such a rule would stray far from Colorado River's own instruction that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." 424 U.S. at 817. It would also mean that one of the six Colorado River factors automatically outweighs the other five.

6

And, as noted, the other five factors do not support Tenney's motion. First, this is not an in rem action, so the first factor counsels against abstention in any form. As to the second factor, while California is arguably the more convenient forum because the relevant interactions between FaZe Clan and Tenney largely occurred in California, Mot. at 13-14, the plaintiff persuasively argues that Tenney's consent to a New York forum selection clause should be deemed to waive any such argument under this factor, or at least to hugely reduce its relevance. See RECAP Invs. XI-Fund A, L.P. v. McCullough Harris, LLC, 760 F. Supp. 2d 368, 371 (S.D.N.Y. 2010) (noting in a Colorado River analysis that "[b]y agreeing to the exclusive jurisdiction of New York courts, the parties necessarily acknowledge that New York is not an inconvenient forum.").

As to the fourth factor (piecemeal litigation being the third factor), while Tenney initiated the two California actions before FaZe Clan filed the instant proceeding, both of the California actions remain in their very early stages, with discovery yet to commence, Oppo. of Pl. FaZe Clan Inc. to Def.'s Mot. to Dismiss or Stay the Action, ECF No. 20, at 12, so any argument in favor of abstention arising from this factor is weak. Furthermore, it cannot be the case that Colorado River allows parties to avoid a mandatory forum selection clause in a

7

contract simply by beating their adversary to the courthouse by a period of several weeks.

As to the fifth factor, state law will provide the rule of decision for most of the causes of action asserted in FaZe Clan's complaint, though there is also a cause of action for misappropriation of trade secrets under federal law. Compl. ¶¶ 54-60. But the enforceability of the New York choice-of-law clause, and therefore whether New York and/or California law will provide the rule of decision, is at issue in this case. To the extent New York law applies, this Court is the more competent forum, and in any case, federal courts are fully capable of applying either New York or California law, a common situation in this federal District.

As to the sixth factor, although the California procedures would sufficiently protect FaZe Clan's rights, most courts to consider this issue regard the sixth factor as being "largely neutral." Estee Lauder Cos. Inc. v. Batra, 430 F. Supp. 2d 158, 169 (S.D.N.Y. 2006); see also id. (quoting In re Asbestos Litig., 963 F. Supp. 247, 253 (S.D.N.Y. 1997))·("Although any possible inadequacy of the state forum to protect the federal plaintiff's rights would provide a strong reason to exercise federal jurisdiction, the adequacy of the state forum does not weigh heavily in favor of dismissal pursuant to Colorado River.").

8

After weighing all six factors, the Court finds that the balance of the six Colorado River factors does not justify dismissing or staying the instant case.

Finally, Tenney argues in the alternative that the Court should dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Tenney is a resident of Florida, and the only basis for personal jurisdiction in New York is the consent language in the forum selection clause of the Gamer Agreement, Compl. ¶ 14, which Tenney argues is void. Mot. at 19. But this argument also fails. What a plaintiff must show to establish personal jurisdiction over the defendant "varies depending on the procedural posture of the litigation." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)). At the motion to dismiss stage, a plaintiff must only make a "prima facie" showing of personal jurisdiction over a defendant. Id. Here, there is no dispute that the Gamer Agreement, to which Tenney is a party, contains language consenting to personal jurisdiction in New York. Compl. ¶ 14. This is enough to defeat the 12(b)(2) motion to dismiss. Whether this portion of the contract is enforceable is a question for the Court to decide at a later stage of the litigation.

9

The Court has also considered the defendant's other arguments and finds them unpersuasive. The defendant's motion is therefore denied. The plaintiff's proposed case management plan is adopted, and the parties are directed to appear at a final pre-trial conference, at which the Court will hear oral argument on any post-discovery summary judgment motions, on March 4, 2020 at 4 PM.

SO ORDERED

Dated: New York, NY

October 3J, 2019

JED S. RAKOFF, U.S.D.J.

10