UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FAZE CLAN INC.,                     :
                                    :
        Plaintiff,                  :
                                    :      19-cv-7200(JSR)
        -v-                         :
                                    :      MEMORANDUM ORDER
TURNER TENNEY,                      :
                                    :
        Defendant.                  :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

Plaintiff FaZe Clan, Inc. moves to compel production of assertedly privileged documents by third-party Creative Artists Agency, LLC ("CAA"). For the following reasons, the motion is denied with respect to the documents over which CAA claims a privilege, but the motion is granted with respect to the documents in CAA's custody over which defendant Turner Tenney claims a privilege.

The underlying action is for breach of contract. See Compl., No. 19-cv-7200 (JSR), ECF No. 1 (Aug. 1, 2019). FaZe Clan, an "esports and entertainment organization," alleges that Tenney breached the "Gamer Agreement," his written contract with FaZe Clan. Id. ¶¶ 2, 15. In the course of discovery, FaZe Clan subpoenaed documents from CAA, a talent agency with which Tenney

1

apparently began working after terminating his relationship with FaZe Clan. Letter of Judd Spray at 1 (Mar. 2, 2020).[1]

In response to FaZe Clan's subpoena, CAA produced 636 documents, as well as two privilege logs. See Letter of Jerry Bernstein at 1 (Mar. 4, 2020). The first of these privilege logs (the "CAA log") lists 251 documents over which CAA asserts the attorney-client privilege and the attorney work product privilege. Ex. A to Letter of Judd Spray. The second such log (the "Tenney log") lists an additional 247 documents over which defendant Turner Tenney asserts the attorney-client privilege and the work product privilege.

FaZe Clan first argues that the Court should compel production of all of the documents listed on both privilege logs because neither meets the requirements of Local Civil Rule 26.2(a)(2)(A). Letter of Judd Spray at 2-3. This rule mandates that privilege logs disclose "(i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addresses of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." The Court rejects this argument.

---

[1] This and other relevant correspondence will be docketed concurrently with this order.

To be sure, the privilege logs produced by CAA are short of exemplary. The column headings on the privilege log do not match the categories required by Local Rule 26.2, and the description of the "general subject matter" of each document is minimal. Nevertheless, the information required by Local Rule 26.2 is, in most cases, discernable from the privilege log. For example, for each document that is an email, a "description" column in the privilege log lists the subject line. Although in many instances perfunctory, this at least gives some sense of the "general subject matter" of the communication. Moreover, the Court is not without sympathy for CAA, a non-party that was served with a burdensome discovery request and, due to plaintiff's delay in serving the subpoena, was forced to respond in short order. Under the circumstances, and without any indication that CAA was acting in bad faith, the Court holds that the privilege logs are adequate under Local Rule 26.2.

Turning to the merits, as to the documents listed on the CAA log, the Court denies the motion to compel. The Court reviewed a random sample of fifteen of these documents <u>in camera</u> and found that they consist, in large part, of confidential communications between CAA employees and its in-house counsel for the purpose of obtaining legal advice. Such documents are at the core of what is protected by the attorney-client privilege. See <u>In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983</u>,

731 F.2d 1032, 1036 (2d Cir. 1984). Even where the reviewed documents were not at the core of the privilege, all of them showed clear indicia of protected attorney-client communications.

As to the documents listed on the Tenney log, however, the Court holds that defendant asserts no valid claim of privilege. These documents fall into two categories. See Letter of Bryan Freedman (Mar. 4, 2020). The first category consists of email communications, with associated attachments, between CAA and Tenney's counsel at Felker Toczek Suddleson Abramson LLP and David R. Philips, P.A., dated from February to April 2019. Defense counsel proffers that these emails discuss the Gamer Agreement and the dispute between Tenney and FaZe Clan for the purpose of negotiating a new agreement with FaZe Clan that would allow CAA to sign Tenney. Id. at 2. The second category comprises more recent emails between CAA and Tenney's counsel at Freedman & Taitelman, LLP that discuss "how issues raised in the [l]itigation [between Tenney and FaZe Clan] might impact Tenney's career." Id.

Tenney primarily argues that these documents are work product.[2] Id. at 3. The attorney work product doctrine provides that "a party may not discover documents and tangible things

---

[2] These documents are plainly not covered by the attorney-client privilege because Tenney's counsel did not represent CAA.

4

that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The purpose of the work product protection is to "provide[] a lawyer with a zone of privacy in her work, 'free from unnecessary intrusion by opposing parties and their counsel.'" S.E.C. v. Gupta, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947).

It is clear both from defense counsel's explanation and from the Court's in camera review, however, that the documents at issue were not prepared in anticipation of Tenney's litigation with FaZe Clan. The documents do not bear on Tenney's litigation strategy, but rather on CAA's business strategy surrounding its representation of Tenney. These communications are therefore not work product.

To be clear, the mere fact that CAA was a party to these emails is not sufficient to remove them from the ambit of work product protection. The text of Fed. R. Civ. P. 26(b)(3)(A) contemplates that documents prepared by a party's non-attorney "consultant" may constitute work product, and this Court has previously noted on several occasions that an attorney does not waive the work product protection by disclosing privileged documents to a third party with a common interest, particularly when that third party's advice will bear on the attorney's litigation strategy. See, e.g. Calvin Klein Trademark Trust v.

5

Wachner, 198 F.R.D. 53, 55-56 (S.D.N.Y. 2000); In re Refco Sec. Litig., 280 F.R.D. 102, 105 (S.D.N.Y. 2011); S.E.C. v. Gupta, 281 F.R.D. 169 (S.D.N.Y. 2012).

This proposition, however, must be construed in light of the purpose of the work product doctrine, which is "to provide a zone of privacy for strategizing about the conduct of litigation itself, not for strategizing about the effects of the litigation on the client's customers." Calvin Klein, 198 F.R.D. at 55. The documents at issue here, by defense counsel's own concession, more clearly fall into the latter category. Moreover, this is not a situation where Tenney's counsel shared previously-drafted strategic documents with CAA; rather, the emails in question comprise ongoing discussion between these parties. The holding of Calvin Klein, 198 F.R.D. at 55-56, is therefore inapposite.

CAA is accordingly ordered to produce the documents on the Tenney log by no later than March 11, 2020. In light of this production, the Court will allow an additional telephonic deposition of the CAA witness, not to exceed two hours in length, by no later than March 20, 2020.

SO ORDERED

Dated:  New York, NY
        March 6, 2020

JED S. RAKOFF, U.S.D.J.